NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AZHAR LAL, | No. 16-16919 |
| Plaintiff-Appellant, | D.C. No. 2:07-cv-02060-KJM-EFB |
| v. | |
| B. G. FLORES; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted December 6, 2018[**]

Before: FARRIS, TROTT, and TALLMAN, Circuit Judges.

California state prisoner Azhar Lal appeals pro se from the district court's

summary judgment and dismissal order in his 42 U.S.C. § 1983 action alleging

deliberate indifference and retaliation claims related to his diabetes treatment. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We affirm.

The district court properly granted summary judgment on Lal's deliberate indifference claim because Lal failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his diabetes. *See Toguchi*, 391 F.3d at 1058-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Lal's First Amendment retaliation claim because Lal failed to raise a genuine dispute of material fact as to whether defendants took any adverse action against Lal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

The district court properly dismissed Lal's claims against defendants Woodford, Felker, Roche, Grannis, and McDonald because Lal failed to allege facts sufficient to show that these defendants were either (1) personally involved in the alleged deprivations, (2) were made aware of any ongoing violations, or (3) acted with deliberate indifference to his medical condition. *See Hebbe v. Pliler*,

2 16-16919

627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, plaintiff must allege sufficient facts to state a plausible claim); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability); *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009) ("To establish a prison official's deliberate indifference, an inmate must show that the official was aware of a risk to the inmate's health or safety and that the official deliberately disregarded the risk.").

The district court did not abuse its discretion in setting aside the entry of default against defendant Flores because the factors weigh against entry of default. *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (setting forth standard of review and noting "[t]he court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment" (citation and internal quotation marks omitted)).

Lal has waived his challenge to the dismissal of defendant Dangler because Lal affirmatively requested in his opposition to the magistrate judge's recommendation that defendant Dangler be dismissed. *See Loher v. Thomas*, 825 F.3d 1103, 1121 (9th Cir. 2016) (setting forth standard for finding a waiver of the right to review on appeal and concluding that a party's failure to object to the magistrate judge's findings and recommendation and its affirmative invitation to adopt the recommendation constituted a waiver).

3                                                                              16-16919

We do not consider Lal's contention regarding the production of "Form CDCR 7225 (Refusal of Examination and/or Treatment)" because Lal did not raise this issue before the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See id.*

Lal's request for judicial notice, set forth in his opening brief, is denied as unnecessary.

**AFFIRMED.**